IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH MENYAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. |
| ) | |
| BAC HOME LOANS SERVICING, LP ) | |
| fka COUNTRYWIDE HOME LOANS ) | |
| SERVICING, LP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP,[1] ("Defendant") hereby removes this action from the Superior Court of Clayton County, Georgia to the United States District Court for the Northern District of Georgia, Atlanta Division. Removal is based on diversity jurisdiction because Plaintiff and Defendant (which is not a Georgia citizen) have complete diversity of citizenship, and the amount in

---

[1] As of July 1, 2011, BAC Home Loans Servicing, LP merged with and into Bank of America, N.A. and no longer exists as a separate legal entity. Therefore, Bank of America, N.A. files this Notice of Removal on behalf of BAC Home Loans Servicing, LP as its successor by merger.

controversy exceeds $75,000.00.  In support of this Notice, Defendant states as follows:

## I.   Background

1. This case was originally filed by Plaintiff Joseph Menyah in the Superior Court of Clayton County, Georgia on December 19, 2011.  Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders upon Defendant is attached as <u>Exhibit A</u>.

2. Defendant, the only defendant named in this action, was first served with a copy of the initial pleading captioned "Complaint for Attempted Wrongful Foreclosure" ("Complaint") on December 23, 2011.

3. Among other things, the Complaint alleges that Defendant is liable for attempted wrongful foreclosure.

## II.   This Notice of Removal is Timely Filed

4. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

5. The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days of December 23, 2011, which is the date that Defendant was first served with the Complaint in this action.

6. The United States District Court for the Northern District of Georgia is the proper place to file this Notice of Removal under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending.

### III.   This Court Has Diversity Jurisdiction

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant (which is not a Georgia citizen) have complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8. Complete diversity of citizenship exists between Plaintiff and Defendant. According to the Complaint, Plaintiff is a citizen of the State of Georgia, residing in Clayton County. (Compl. ¶ 1).

9. Defendant is a national banking association organized under the laws of the United States. It is a citizen of North Carolina because its articles of association establish that location as its main office. *See* 28 U.S.C. § 1348; *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S. Ct. 941, 945 (2006) ("[A] national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located."). *see also Hill v. Bank of America Corp.*, 2006 WL 1518874, at *1 (N.D. Ga. May 30, 2006) ("Bank of

America, N.A. . . . is a national banking association located in the State of North Carolina, as designated in its articles of association."). Accordingly, complete diversity of citizenship exists because Plaintiff and Defendant are citizens of different states.

10. Plaintiff is requesting permanent injunctive and declaratory relief in what appears to be an effort to halt a non-judicial foreclosure sale of that certain real property located at 1909 Flatrock Court, Jonesboro, Georgia 30236 (the "property"). *See generally* Compl. Specifically, Plaintiff requests that the Court "enjoin a wrongful foreclosure action…," "[g]rant Plaintiff judgment to Quieting Title," and "[d]eclaring ownership to Plaintiff of the above-described property…" *See* Compl., Prayer for Relief ¶¶ 1, 4, 5.

11. Plaintiff executed that certain Security Deed recorded on December 27, 2006, at Deed Book 8941, Page 207, of the Clayton County, Georgia real estate records which secured the repayment of a loan in the amount of $200,848.00 plus interest ("Security Deed").[2] A true and correct copy of the Security Deed is attached as <u>Exhibit B</u>.

---

[2] The Court may take judicial notice of public records and other adjudicative facts "at any stage of the proceedings." *Bradley v. Reese*, 2010 U.S. Dist. LEXIS 118158 (M.D. Ga. Nov. 8, 2010); *citing Universal Express, Inc. v. United States SEC*, 177 Fed. Appx. 52, 52 (11th Cir. 2006) (stating that '[p]ublic records are among the permissible facts" of which a court may take judicial notice).

4

12. The Security Deed and the underlying indebtedness were assigned to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP by that certain Assignment dated April 11, 2010 and recorded on July 1, 2010, at Deed Book 9830, Page 48, of the Clayton County, Georgia real estate records ("Assignment"). A true and correct copy of the Assignment is attached as Exhibit C.

13. The party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010). Where the plaintiff has not pled a specific amount of damages, as in the instant case, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Id.* To determine the amount in controversy, a court can consider "facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied." *Id.* at 754 (quotation omitted).

14. Where a party seeks equitable and/or injunctive relief, including declaratory relief, the value of the property determines the amount in controversy for purposes of diversity jurisdiction. *See Roper v. Saxon Mort. Servs., Inc.,* 2009

U.S. Dist. LEXIS 37994, *2 (N.D. Ga. May 5, 2009) (citing *Waller v. Prof's Ins. Corp.*, 296 F.2d 545, 547 (5th Cir. 1961); *see also Leonard v. Enter. Rent-A-Car*, 279 F.3d 967, 973 (11th Cir. 2002) (holding that "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the Plaintiffs if the injunction were granted").

15. The value of the property, according to an assessment by Clayton County, Georgia for tax year 2011, is $117,221.00. A true and correct copy of the Clayton County Property Card for Year 2011 for the property is attached hereto as Exhibit D.

16. In his Prayer for Relief, Plaintiff seeks an adjudication that Defendant has no mortgage lien on the property, and in so doing he places the value of the lien and the property at issue. *See* Compl., Prayer for Relief ¶¶ 4-5.

17. Via his requests for injunctive and declaratory relief, Plaintiff also seeks to void a loan obligation well in excess of $75,000.00. *See* Compl., Prayer for Relief ¶ 5; *see also* Exh. B.

18. At the approximate time the Complaint was filed, the outstanding balance of the mortgage loan which is the subject of this action was $193,457.77.

A true and correct copy of the Plaintiff's Loan Payment History is attached hereto as <u>Exhibit E</u>.

19. As of January 23, 2012, the outstanding balance of the mortgage loan which is the subject of this action is $193,457.77. *See* <u>Exh. E</u>.

20. $193,457.77 is therefore the "monetary value of the object of the litigation that would flow to the [Plaintiff] if the injunction were granted." *See Leonard*, 279 F.3d at 973, for this is the indebtedness which Plaintiff will avoid if successful in this litigation.

21. The amount in controversy thus exceeds $75,000.00. Therefore, the amount in controversy for purposes of diversity jurisdiction is satisfied.

### IV.   Removal to This Court is Proper

22. This Court has diversity jurisdiction in this action under 28 U.S.C. § 1332 because (i) complete diversity of citizenship between the parties exists, and (ii) an amount in excess of the $75,000.00 jurisdictional threshold is at issue. Because there is diversity jurisdiction and Defendant is not a citizen of the State of Georgia, removal is proper under 28 U.S.C. § 1441(a) and (b).

### V.  Notice of Removal to the Superior Court of Clayton County, Georgia

23. Concurrently with this Notice of Removal, Defendant will file a copy of this Notice with the Superior Court of Clayton County, Georgia.

WHEREFORE, Defendant files this Notice of Removal and removes the civil action to the United States District Court for the Northern District of Georgia.

This 23rd day of January, 2012.

/s/ Andrew G. Phillips
Andrew G. Phillips
Georgia Bar No. 575627
McGuireWoods LLP
1230 Peachtree Street, NE
Promenade II, Suite 2100
Atlanta, Georgia 30309-3534
404.443.5724 (Telephone)
404.443.5599 (Facsimile)
aphillips@mcguirewoods.com

*Attorneys for Defendant Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH MENYAH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. |
| ) | |
| BAC HOME LOANS SERVICING, LP ) | |
| fka COUNTRYWIDE HOME LOANS ) | |
| SERVICING, LP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## CERTIFICATE OF SERVICE, FONT AND MARGINS

I hereby certify that on January 23, 2012, I electronically filed the foregoing *Notice of Removal* with the Clerk of the Court using the CM/ECF system and served a true and correct copy of same on *Pro Se* Plaintiff via First-Class Mail, postage prepaid, addressed to:

Joseph Menyah
1909 Flatrock Court
Jonesboro, Georgia  30236

2

I further certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court.

        /s/ Andrew G. Phillips
        Andrew G. Phillips