IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOSEPH MENYAH, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:12-CV-0228-RWS |
| BAC HOME LOANS | : |
| SERVICING, LP, f/k/a | : |
| COUNTRYWIDE HOME LOAN | : |
| SERVICING, LP, | : |
| | : |
| Defendants. | : |

## **ORDER**

This case comes before the Court on Defendant's[1] Motion to Dismiss [2]. After reviewing the record, the Court enters the following Order.

### **Background[2]**

This case arises out of Plaintiff's attempt to halt foreclosure proceedings on his property located at 1909 Flatrock Court, Jonesboro, Clayton County,

---

[1] As of July 1, 2011, BAC Home Loans Servicing, LP ("BAC") merged with and into Bank of America, N.A. and no longer exists as a separate legal entity. Therefore, Bank of America, N.A. files the motion to dismiss as successor by merger to BAC.

[2] Where necessary for a more complete statement of the events giving rise to Plaintiff's claims, the Court includes facts from Defendant's briefs and from the Exhibits attached to the Complaint. Plaintiff does not appear to dispute these facts.

AO 72A
(Rev.8/82)

Georgia 30236 ("Property"). On December 14, 2006, Plaintiff executed a Promissory Note in favor of Landmark Mortgage Corporation ("Landmark") for $200,848. (Note, Dkt. [1-1] at 29.) To secure the loan, Plaintiff executed a Security Deed on the Property with Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Landmark and its successors and assigns. (Security Deed, Dkt. [1-1] at 33.) On April 11, 2010, MERS assigned all interest in the Security Deed to BAC Home Loans Servicing ("BAC"), which is now Bank of America, N.A. ("BOA") by merger. (Assignment, Dkt. [1-1] at 48.)

Plaintiff does not dispute that he was in default under the Note and Security Deed. (See generally, Complaint, Dkt. [1-1] at 3; Pl.'s Resp. Br., Dkt. [3].) Defendant represents that, as of the date of its motion to dismiss, no foreclosure sale has occurred. (Def.'s MTD, Dkt. [2] at 3.) Plaintiff filed his Complaint for Attempted Wrongful Foreclosure (Dkt. [1-1] at 3) on December 19, 2011. Defendant removed the action to this Court on January 23, 2012 on grounds of diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, Dkt. [1].)

**Discussion**

**I.     Legal Standard - Motion to Dismiss**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260

(11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is not challenged." Id.

4

Additionally, because Plaintiff is acting pro se, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). "This leniency, however, does not require or allow courts to rewrite an otherwise deficient pleading in order to sustain an action." Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 637 (11th Cir. 2010).

## II.     Analysis of Defendant's Motion to Dismiss

Plaintiff appears to challenge Defendant's attempt to foreclose on grounds that: (1) Defendant is not the holder of the Note, and therefore has no power to foreclose; (2) the Assignment of the Security Deed to BAC was invalid because it was "robo-signed" on behalf of MERS by Charles T. Crouse who was employed by McCalla Raymer, LLC at the time of signing; and (3) Defendant knowingly and intentionally published untrue and derogatory information concerning Plaintiff's financial condition.  Plaintiff seeks a declaration that he is the exclusive titleholder to the Property and an injunction to stop the foreclosure.  (Complaint, Dkt. [1-1] at 3-4, ¶ 3.)  He also asks the Court to strike the fraudulent Assignment and enter a judgment quieting title in

5

his favor. (Id. at 9, ¶¶ 3-4.) Defendant asserts that Plaintiff's action must be dismissed under Federal Rules of Civil Procedure ("Rules") 8 and 12(b)(6).

At the outset, Defendant argues that Plaintiff cannot enjoin the foreclosure sale because he has not alleged that he can or will repay the full amount due on the loan. (Def.'s MTD, Dkt. [2] at 8.) The Court agrees with Defendant. "Under Georgia law, 'a borrower who has executed a deed to secure debt is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due.'" Nicholson v. OneWest Bank, No. 1:10-CV-0795-JEC/AJB, 2010 WL 2732325, at *5 (quoting Mickel v. Pickett, 247 S.E.2d 82, 87 (Ga. 1978)). Therefore, without tendering the full amount of the debt, Plaintiff may not stop the foreclosure sale.

Second, Defendant argues that Plaintiff lacks standing to attack the Assignment of the Security Deed. (Def.'s MTD, Dkt. [2] at 10-12.) Again, the Court agrees. In Georgia, "[a]s a general rule, an action on a contract . . . shall be brought in the name of the party in whom the legal interest in the contract is vested, and against the party who made it in person or by agent." O.C.G.A. § 9-

2-20(a). Plaintiff was not a party to the Assignment between MERS and Defendant. Therefore, Plaintiff may not challenge the Assignment's validity.[3]

Third, Defendant asserts that Plaintiff's "produce the Note" or "splitting of the Note and Deed" argument lacks merit. (Def.'s MTD, Dkt. [2] at 16-18.) Indeed, this Court has previously held that the holder of the security deed will not be barred from proceeding with a foreclosure sale simply because it does not also possess the promissory note. See LaCosta v. McCalla Raymer, LLC, No. 1:10-CV-1171-RWS, 2011 WL 166902, at *5 (N.D. Ga. Jan. 18, 2011). Plaintiff does not contest that he was in default under the Note and Security Deed. The Security Deed explicitly grants MERS and its successors and assigns the power of sale. (Security Deed, Dkt. [1-1] at 33.) Therefore, BOA, as successor by merger to BAC and holder of the Security Deed, has the authority to conduct the foreclosure sale.

Finally, Defendant contends that Plaintiff has not stated a claim for attempted wrongful foreclosure. (Def.'s MTD, Dkt. [2] at 18-19.) "To state a

---

[3] To the extent Plaintiff challenges the Assignment on grounds of "robo-signing," this Court has previously found that "there is no such cause of action [for robo-signing] in Georgia." Wilson v. JP Morgan Chase Bank, N.A., No. 2:11-CV-00135-RWS, 2012 WL 603595, at *4 (N.D. Ga. Feb. 24, 2012) (citing Reynolds v. JPMorgan Chase Bank N.A., No. 5:11-CV-311-MTT, 2011 WL 5835925, at *3 (M.D. Ga. Nov. 21, 2011)).

AO 72A
(Rev.8/82)

claim for attempted wrongful foreclosure under Georgia law, a plaintiff must show that a creditor knowingly and intentionally published untrue and derogatory information concerning the debtor's financial condition, and that damages were sustained as a direct result of this publication." Sellers v. Bank of Am., N.A., No. 1:11-CV-3955-RWS, 2012 WL 1853005, at *3 (N.D. Ga. May 21, 2012).  Plaintiff simply states that Defendant knowingly and intentionally published "untrue and derogatory information concerning Plaintiffs [sic] financial condition."  (Complaint, Dkt. [1-1] at 8, ¶ 33.)  He provides no facts to support this statement.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  Furthermore, Plaintiff has not alleged any damages sustained as a result of the alleged false publication by Defendant.  Therefore, the Court agrees with Defendant that Plaintiff has not satisfied Rule 8 pleading standards with regard to this claim.

      Because the Court finds that Plaintiff's claim fails on the merits, Plaintiff is not entitled to the equitable and injunctive relief he seeks.

## Conclusion

Based on the foregoing, Defendant's Motion to Dismiss [2] is **GRANTED**.

**SO ORDERED**, this  21st  day of March, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE